1

CHRISTIAN LOPEZ
ANNA CARLA LOPEZ
4132 DESCANSO AVE.
CHINO HILLS, CA 91709
Phone Number: (909)896-0407
Facsimile: (909)614-7005
eMail: ChristianLopez909@gmail.com

2

3

4



RECEIVED
AND FILED

2016 FEB 22  PM 12 46

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

5

Christian Lopez and Anna Carla Lopez, IN PROPER PERSON

6

**UNITED STATES BANKRUPTCY COURT**

7

**DISTRICT OF NEVADA**

8

9

In re

10

ALAN DAVID TIKAL,

11

12                                                                  Debtor

13

Christian Lopez and Anna Carla Lopez,

14                                    Plaintiffs,

15                    vs.

16

ALAN DAVID TIKAL, also known as
DAVID ALAN TIKAL, Individual and as
Trustee of KATN REVOCABLE LIVING
TRUST; VICTORIA NELSON, solely in her
official capacity as Chapter 7 Trustee, and
DOES 1-25, inclusive,

17

18

19

20

21                                    Defendants

Case No.: 11-23486-LED

Chapter 7

Adv. Proc. No.:_____

**COMPLAINT FOR DECLARATORY
RELIEF, FOR CANCELLATION AND
RESCISSION OF INSTRUMENTS, AND
FOR EXPUNGING AND VOIDING
ALLEGED LIEN IN REAL PROPERTY
AND QUIETING TITLE TO REAL
PROPERTY**

22

We, Plaintiffs Christian Lopez and Anna Carla Lopez ("The Lopez's" or "Plaintiffs") file this action

23

against Defendant Alan David Tikal (also known as Alan-David Tikal, David-Alan Tikal)

24

Individually and as Trustee of the KATN Revocable Living Trust ("Tikal" or "Debtor"), Victoria

25

Nelson, solely in her official capacity as Chapter 7 Trustee herein ("Chapter 7 Trustee"), and Does 1-

26

25, inclusive, pursuant to Bankruptcy Rule 7001, and alleges as follows:

27

28

## PRELIMINARY STATEMENT

1. We, the Lopez's, a married couple, are the victims of a mortgage scam perpetrated by Tikal. In this action, we seek to quiet title regarding a second position deed of trust encumbering our home that Tikal fraudulently induced us to grant to him, and to cancel, rescind, and expunge the deed of trust and related promissory note.

## GENERAL ALLEGATIONS

### I.    PARTIES

2. We, the Lopez's are a married couple who reside in the home we own at 4132 Descanso Ave, Chino Hills, CA (the "Property").   A true and correct legal description of the property is attached hereto as **Exhibit A.**

3. Tikal is the debtor in the above-captioned bankruptcy case.  Plaintiffs are informed that Tikal purports to be the beneficiary under a Note Secured by a Short Form Deed of Trust and Assignment of Rents (Individual) against the Property dated December 4th, 2010 and recorded in the Recorder's office in San Bernardino County, California on or about December 9th, 2010 (the "Tikal DOT"), and a Note Secured by Deed of Trust (Straight Note) dated December 9th, 2010 allegedly supporting the Tikal DOT (the "Tikal Note").  A true and correct copy of the Tikal DOT is attached hereto as **Exhibit B**, and incorporated herein by reference.  The Tikal DOT and the Tikal Note sometimes collectively referred to herein as the "Fraudulent Tikal Documents."

4. Alan David Tikal is the settler, trustee, and sole beneficiary of the KATN Revocable Living Trust, which is revocable living trust. . To the extend Alan David Tikal ever were to allege that KATN Revocable Living Trust is an entity that is distinct from him, We, the Lopez's

allege that it is an entity created and maintained by Alan David Tikal in the furtherance of the fraud described herein, and it is the alter ego of Alan David Tikal.

5. Chapter 7 Trustee is the duly-appointed Chapter 7 Trustee in the above-captioned bankruptcy case, and is sued herein, in the forum in which she was appointed, solely in her official capacity under 11.U.S.C. § 323 and 28 U.S.C. § 959

6. Defendants DOES 1-25 are named as fictitious defendants because we, the Lopez, do not presently know their identities. We, The Lopez's will substitute the names of such defendants when their identities become known to us.

7. All of the defendants herein, including but not limited to the DOE defendants, are sometimes referred to herein as "Defendants", and each a "Defendant." We, The Lopez's allege on information and belief that each of the Defendants is the agent of each other Defendant, and that each is liable for the acts of all other defendants.

## II.    JURISDICTION

8. Plaintiffs bring this adversary proceeding in connection with Tikal's Chapter 7 bankruptcy case, Case No. 11-23486-LBR, and under the Federal Rules of Bankruptcy Procedure Rule 7001(2), (7), and (9), for declaratory relief and to quiet title to the Property, and/or for other equitable relief, including but not limited to: (A) cancelling, rescinding, and voiding the Tikal DOT and Tikal Note; and (B) determining the validity, existence, priority or extend of the Tikal DOT, or any other interest in the Property that Tikal may claim, and expunging the TIKAL DOT from title to the Property.

9. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)(H)(K) and (O).

10. Venue is proper in this district under 28 U.S.C. § 1409(a).

### III.    FACTS

11. In August, 2010 we, The Lopez's were approached for a "Loan Modification" via the phone by a defendant DOE, acting as an agent of Tikal, told us the Lopez's that our mortgage for the Property was eligible for a loan modification. We, The Lopez's were told that our mortgage was considered by the U.S. Government as "illegal borrowed debt" and the U.S. Government was recognizing these mortgages as illegal. We, The Lopez's were instructed to sign a Loan Modification Agreement and Authorizations to Negotiate and Release Information which were represented as being legal documents prepared by attorneys. In addition, we, The Lopez's were told that we needed to sign a Deed of Trust and a Note that would replace the current mortgage to the equivalent of 25% or our current mortgage debt on the Property at the time. Then, the defendant DOE instructed us, the Lopez's to provide a sum of 5,000 dollars to the organization Caring About America, Incorporated, A Mortgage Servicing Center ("CAA") to begin the process of working with our first mortgage BANK OF AMERICA and second mortgage BANK OF AMERICA to complete the Loan Modifications.

12. Defendant DOE, acting as an agent of Tikal, instructed we, The Lopez's to DISCONTINUE making mortgage payments to our first and second mortgage companies and to instead to wait for further instructions from CAA, Inc and KATN.

13. In December 2010, we were instructed to meet a notary public and sign the Tikal DOT **Exihibit B** and a Note Secured by A Deed of Trust (Straight Note) attached hereto as **Exhibit C**. We, The Lopez's were instructed to make monthly payments of $584.78 to KATN----the company representing CAA at the aforementioned meeting. We, The Lopez's did as instruct.

14. On or about February 9, 2011, we, The Lopez's discovered that TIKAL was arrested for mortgage fraud.

15. We, the Lopez's contacted KATN and Ray Kornfeld informed us, The Lopez's that Tikal's arrest was a big misunderstanding and that Tikal's attorney were taking care of clearing this problem.

16. We, The Lopez's continued making monthly payments to KATN and maintaining communication with KATN's office until about October 2013.

17. We, The Lopez's received several letters notifying us about foreclosure and KATN and its representatives always instructed us, The Lopez's to ignore the said letter, KATN and its representatives informed us, The Lopez's that letters were tactics from Bank of America to scare our family and KATN instructed us to submit copies of all letters to their office so KATN could file formal complaints for Bank of America to Cease and Desist harassing us, the Lopez's.

18. We, The Lopez's were leaving over constant stress that we could be evicted at any moment and we, The Lopez's believe that this great amount of stress caused the miscarriage of our unborn child.

19. Sometime in September 2014, Senta Parker, from the U.S. Department of Justice, informed us, The Lopez's that Tikal was sentenced and that if we would provide a copy of the documentation that we, The Lope's signed, a meeting would be arranged with Tikal to get this Tikal DOT cleared from our title from our property.

## IV.    FACTS REGARDING THIS BANKRUPTCY CASE

20. Tikal filed this bankruptcy case under Chapter 11 of the Bankruptcy Code on August 25, 2011. The Court entered an order converting this case to Chapter 7 on October 20, 2011.

21. Tikal Scheduled the Tikal Note as a $93,564.00 account receivable asset of this estate in his initially filed Schedule B, a true and correct copy of which is attached hereto as **Exhibit D**.

(Page 17, line 36 of the "Accounts Receivable---Promissory Notes Owned" attachment to

Tikal's Schedule B). Although Tikal did not separately reference the Tikal DOT in his

schedules, he did list the address of the Property as the "Property Address" associated with

the alleged receivable, an apparent reference to the alleged secured status of the Tikal Note

under the Tikal DOT. (Id.)

22. Regardless of the specifics (or lack thereof) in Tikal's Schedules, the fraudulent

Tikal DOT, which allegedly is supported by the fraudulent Tikal Note, remains a lien on the

Property despite multiple requests by us, The Lopez's to Senta Parker from the U.S. Department of

Justice and to Tikal and his agents to remove the DOT from the title to the Property.

## FIRST CLAIM FOR RELIEF

## DECLARATORY RELIEF

23. Plaintiffs reallages and incorporates herein by reference, each and every

allegation contained in the previous paragraphs as though fully set forth herein.

24. As a result of the foregoing, there is an actual dispute as to the existence of

Debtor's and the estate's claims against us, The Lopez's and the Property, and as to the existence

and priority of liens against the Property.

a. We, The Lopez's allege that Tikal and his agents fraudulently induced us to sign

the Tikal Note and the Tikal DOT, that Tikal and his agents did not provide the stated consideration

or any consideration, to us The Lopez's, in exchange for the documents, and that the Defendants and

this estate do not have any valid claims or liens against us The Lopez's or against the Property;

whereas,

b. Defendants allege a $93,564.00 receivable owing from us The Lopez's under the

Tikal Note, and allege it is secured by the Tikal DOT recorded against the Property.

25. Us, The Lopez's, have standing as the alleged debtor party to the Tikal Note and Tikal DOT and as the title holder to the Property to seek the Court's determination as to the existence, validity, and/or priority of any claims, liens, or encumbrances that Defendants and/or the estate alleges against us and/or the Property.

26.  We, The Lopez's seek a judicial determination of the respective rights and duties of all parties with regard to the allegations and claims of this Complaint. In this First Claim for Relief, We, The Lopez's seek declaratory relief and/or for other equitable relief including: (A) a determination that the Tikal Note and Tikal DOT were fraudulently obtained and void ab initio; (B) a determination that Defendants and the estate do not have any claims against us, The Lopez's or any interests or liens in or against the Property; and (C) a judgment cancelling, rescinding, and voiding the Tikal Note and the Tikal DOT.

27. Such determinations, declarations, and judgments are necessary and appropriate at this time so that us, The Lopez's may ascertain our rights and duties with regard to all matters arising in this action, and so title to the Property is clear and unencumbered by the Fraudulent Tikal Documents.

28. Under the Federal Rules of Bankruptcy Rule 7001(2), (7), and (9), the declaratory and equitable relief described above is appropriate in this adversary proceeding.

## SECOND CLAIM FOR RELIEF

### DECLARATORY RELIEF

### (Expunging Alleged Lien and Quieting Title to Real Property)

**29.** Plaintiffs reallages and incorporates herein by reference, each and every allegation contained in the previous paragraphs as though fully set forth herein.

30. .As a result of the foregoing, there is an actual dispute as to the existence of Debtor's and the

estate's claims against us, The Lopez's and the Property, and as to the existence

and priority of liens against the Property.

a.        We, The Lopez's allege that Tikal and his agents fraudulently induced them to sign

the Tikal Note and the Tikal DOT, that Tikal and his agents did not provide the

stated consideration or any consideration, to us, The Lopez's, in exchange for the

documents, and that the Defendants and this estate do not have any valid claims

or liens against us, The Lopez's or against the Property; whereas,

b.        Defendants allege a $93,564.00 receivable owing from us, the Lopez's under the

Tikal Note, and allege it is secured by the Tikal DOT recorded against the

Property.

31. Us, The Lopez's have standing as the alleged debtor party to the Tikal Note and

Tikal DOT and as the title holder to the Property to seek the Court's determination as to the

existence, validity, and/or priority of any claims, liens, or encumbrances that Defendants and/or

the estate alleges against us and/or the Property.

32. We, The Lopez's seek a judicial determination of the respective rights

and duties of all parties with regard to the allegations and claims of this Complaint. In this

Second Claim for Relief, us, The Lopez's seek declaratory relief and a judgment quieting title to the

Property and/or for other equitable relief including: (A) A determination that the Tikal Note and the

Tikal DOT were fraudulently obtained and void ab initio; (B) a determination that Defendants and the

estate do not have any claims against us, The Lopez's or any interests or liens

in or against the Property; and (C) a judgment expunging the Tikal DOT from title to the

Property and quieting title to the Property.

33. Such determinations, declarations, and judgments are necessary and appropriate at this time so that we, The Lopez's may ascertain our rights and duties with regard to all matters arising in this action, and so title to the Property is clear and unencumbered by the Fraudulent Tikal Documents.

34. Under the Federal Rules of Bankruptcy Rule 7001(2),(7), and (9), the declaratory and equitable relief described above is appropriate in the adversary proceeding.

## PRAYER

WHEREFORE, the Plaintiffs pray for the following relief:

1. Declaratory Relief including, but not limited to, determination and findings that the Tikal Note and the Tikal DOT were fraudulently obtained and voice ab initio, and that Defendants and the estate do not have any claims against us, The Lopez's and do not have any interests or liens in or against the Property.

2. A judgment cancelling, rescinding and voiding the Tikal Note and Tikal DOT.

3. A judgment expunging the Tikal DOT from the title to the property quieting title to the property.

4. $250,000 for Damages and costs of suits.

5. All such other and further relief as this Court deems just and proper.

DATED: February 19, 2016

CHRISTIAN LOPEZ

ANNA CARLA LOPEZ

4132 DESCANSO AVE.
CHINO HILLS, CA 91709
Telephone: (909)896-0407
Facsimile: (909)614-7005
eMail: ChristianLopez909@gmail.com

In Proper

– 9 –

# EXHIBIT "A"

# EXHIBIT "A"

## EXHIBIT "A"

ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF SAN
BERNARDINO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

LOT 19, TRACT NO. 1932, AS PER MAP RECORDED IN BOOK 30 OF
MISCELLANEOUS MAPS, PAGES 1 TO 5 INCLUSIVE, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY.

SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS,
COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.

APN: 1028-041-19-0-000

# EXHIBIT "B"

# EXHIBIT "B"

RECORDING REQUESTED BY

Christian Lopez

AND WHEN RECORDED MAIL TO

NAME  CAA Inc

ADDRESS  6767 W Tropicana Ave., #101

CITY  Las Vegas
STATE & ZIP  Nevada 89103

Recorded in Official Records, County of San Bernardino



**LARRY WALKER**
Auditor/Controller — Recorder

**P Counter**

**Doc#:  2010—0522989**

12/09/2010
12:47 PM
RD

| Titles: | 2 | Pages: | 3 |
|---|---|---|---|
| Fees | | | 39.00 |
| Taxes | | | 0.00 |
| Other | | | 7.75 |
| **PAID** | | | **$46.75** |

---

TITLE ORDER NO.                    ESCROW NO.                    APN:  1028-041-19-0-000

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS (INDIVIDUAL)

This Deed of Trust, made this **4**th. day of  **December, 2010** , between  **Christian Lopez, A Married Man As His Sole and**

**Separate Property**, herein called Trustor,

whose address is  **4132 Descanso Avenue, Chino Hills, CA 91709**  and

**CAA, Inc.**, herein called Trustee, and **Alan-David:Tikal, Trustee of the KATN Revocable Living Trust**, herein called Beneficiary
**Witnesseth:**  That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF
SALE, that property in     **San Bernardino**                                        County, California, described as

### See Exhibit "A" attached hereto and made a part hereof

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by
paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits
For the Purpose of Securing:  1.  Performance of each agreement of Trustor incorporated by reference or contained herein.  2.  Payment of the indebtedness
evidenced    by    one   promissory   note   of   even   date   herewith,   and   any   extension   or   renewal   thereof   in   the   principal   sum   of
$  93,564.00                                                                 executed by Trustor in favor of Beneficiary or order.  3.  Payment of such further sums as the then
record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
  To **Protect the Security of This Deed of Trust, Trustor Agrees:**  By the execution and delivery of this Deed of Trust and the rate secured hereby, that
provisions (1) to (14) inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the
county recorder of the county where said property is located, noted below opposite the name of such county, viz:

| COUNTY | DATE | BOOK PAGE | COUNTY | DATE | BOOK PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IMPERIAL | 9/10/68 | 1267 574 | ORANGE | 9/6/68 | 8714 147 | SAN BERNARDINO | 9/6/68 | 7090 | 14 | SANTA BARBARA | 9/6/68 | 2244 | 927 |
| KERN | 9/6/68 | 4195 363 | VENTURA | 9/6/68 | 3363 84 | SAN LUIS OBISPO | 9/10/68 | 1489 | 429 | LOS ANGELES | 8/28/68 | T5910 | 942 |
| RIVERSIDE | 9/10/68 | ACCOUNT = 87097 YEAR 1968 | | | | SAN DIEGO | 9/10/68 | | | SERIES 9 BOOK 1968 PAGE 155820 | | | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as
though set forth herein at length, that he will observe and perform said provisions, and that the references to property, obligations, and parties in said provisions
shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.
  The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore
set forth.

_____          _____

Christian Lopez

_____          _____

**\*SEE ATTACHED NOTARY ACKNOWLEDGEMENT**

# ACKNOWLEDGMENT

State of California
County of _____ San Bernardino _____ )

On ___ December 8, 2010 ___ before me, Claudia Rocio Barilla Balesar Notary Public
_____ (insert name and title of the officer)

personally appeared ___ Christian Lopez _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ Notary Public _____ (Seal)

CLAUDIA ROCIO BARILLAS BALERAS
COMM. # 1820911
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
MY COMM. EXP. NOV. 18, 2012

## EXHIBIT "A"

ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF SAN
BERNARDINO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

LOT 19, TRACT NO. 1932, AS PER MAP RECORDED IN BOOK 30 OF
MISCELLANEOUS MAPS, PAGES 1 TO 5 INCLUSIVE, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY.

SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS,
COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.

APN: 1028-041-19-0-000

# EXHIBIT "C"

# EXHIBIT "C"

# NOTE SECURED BY DEED OF TRUST

STRAIGHT NOTE

**$ 93,564.00**                    **California**                    **December 4, 2010**

In installments as herein stated, for value received, **Christian Lopez**, undersigned, promise to pay to KATN Revocable Living Trust, or order, at CAA, Inc. Las Vegas, NV, 89103 or as directed the sum of **($ Ninety-three Thousand Five Hundred Sixty-four) ($  93,564.00)**, with interest at the rate of **SEVEN AND 50/100** per cent per annum (**7.50%**), for 5 years with a Balloon Payment in 5 years. Payable in monthly interest only installments of **$  584.78**, on the first day of each month and first payment to commence on **February 1, 2011**.

* Taxes and Insurance are the responsibility of the Client.
** (Five (5) year renewable option available at Beneficiaries discretion)

Late Charge: A late charge of $25.00 shall be assed for any payment received by Payee more than 10 calendar days after the due date.  Loan is in default after 30 days past due and default rate is 9.00% per annum.

The privilege is reserved of paying this Note in full or in part any time prior to maturity date, without penalty.

Deed of Trust securing this note contains an Acceleration Clause.

Buyer is aware this Note contains a Balloon payment at maturity and is Due **January 1, 2016**.

Each payment shall be credited first on accrued interest, remainder on principal; and interest shall thereupon cease upon the principal so credited.  Should default be made in payment of any installment of principal or interest or in performance of any obligation contained in the Deed of Trust by which this note is secured, the whole sum of principal and interest shall become immediately due at the option of the holder hereof. Principal and Interest payable in lawful money of the United States. Should the payee or his assigns be required to engage an attorney to enforce any provision of this note or Deed of Trust securing same, or in any proceeding brought by the undersigned in Court of Equity or law, or under the Bankruptcy Act, the undersigned promises to pay said sums as the court may fix as attorneys fees.  This note is secured by a DEED OF TRUST, of even date, to CAA, Inc. a Nevada corporation.

**Christian Lopez**

**DO NOT DESTROY THIS NOTE:  When paid, this note with Deed of Trust securing same must be surrendered to Trustee for cancellation before reconveyance will be made.**

# EXHIBIT "D"

# EXHIBIT "D"

## ACCOUNTS RECEIVABLE - PROMISSORY NOTES OWNED

| | | | | | |
|---|---|---|---|---|---|
| Guzman | Roberto | 1824 4th Street, Wasco, CA 93280 | Same | $ | 39,854.00 |
| Harris | Jeanette | 5624 West 62nd. Street, Los Angeles, CA 90056 | | $ | 224,266.00 |
| Hellweg | Thomas/Ronna | 42750 Brown St., Murrieta, CA 92582 | Same | $ | 255,250.00 |
| Herbert | David | 18373 Coyote Meadow Rd., Sonora, CA 95370 | Same | $ | 54,241.00 |
| Heredia | Rafael/Eloisa | 11067 Arlington Ave. Riverside, Ca 92505 | 6262 Autumn Wood Dr., Riverside, CA 92505 | $ | 71,562.00 |
| Hernandez | Ignacio | 7323 Santa Fe Ave., Huntington Park CA 90255 | Same | $ | 64,298.00 |
| Hernandez | Santana | 1120 North King St., Santa Ana, CA 92703 | Same | $ | 158,274.00 |
| Hernandez | Jaime | 1822 Gordon Verner Circle, Stockton, CA 95206 | Same | $ | 128,058.00 |
| Hernandez | Jennifer | 3013 North California St., San Bernardino, CA 92407 | Same | $ | 53,292.00 |
| Hernandez | Abel | 1261 Cypress Ave., Los Angeles, CA 90065 | Same | $ | 110,250.00 |
| Hernandez | Eutimio/J Lydia | 4745 Cutler Ave., Baldwin Park, CA 91706 | Same | $ | 80,288.00 |
| Hernandez | Jose | 5532 Sunset Ridge Drive, Riverside, CA 92509 | Same | $ | 124,149.00 |
| Howard | Lara | 316 North Winnipeg Place Unit A, Long Beach, CA 90814 | Same | $ | 225,075.00 |
| Huerta | Salvador | 41858 Acacia Ave., Hemet, CA 92544 | Same | $ | 135,519.00 |
| Huerta | Salvador | 4251 Logan Ave., San Diego, 92113 | 41858 Acacia Ave., Hemet, CA 92544 | $ | 108,500.00 |
| Ingal | Elena | 1030 East Tachevah Dr., Palm Springs, CA 92262 | Same | $ | 41,209.00 |
| Javier | Jorge | 11397 Cannery Row Chino, CA 91766 | 6816 Homan Ct., Chino, CA 91710 | $ | 94,491.00 |
| Javier | Jorge | 6816 Homan Ct., Chino, CA 91710 | Same | $ | 172,234.00 |
| Jimenez | Francisco/Maria | 204 South Massachusetts St., Lake Elsinore, CA 92530 | Same | $ | 117,331.00 |
| Jimenez | Mariela/Evelio | 2449 South Burnside Ave., Los Angeles, CA 90016 | Same | $ | 122,804.00 |
| Kean | Mildred | 802 Wainwright Street, Benicia, CA 94510 | Same | $ | 101,823.00 |
| Keeton | Gary & Sharon | 180 Vista Lane, Tyrone, GA 30290 | PO Box 35, Tyrone, GA 30290 | $ | 43,806.00 |
| Lalwani | Naresh | 20000 Plum Canyon Rd., #1821 Santa Clarita, CA 91350 | Same | $ | 51,000.00 |
| Landicho | Almeida/Adriano | 1131 Windjammer Dr., Stockton, CA 95209 | Same | $ | 138,294.00 |
| Layug | Jaime | 16132 Palomino Valley Rd., San Diego, CA 92127 | Same | $ | 224,782.00 |
| Lenic | Natasa | 923 East Ocean Blvd #4, Long Beach, CA 90802 | Same | $ | 146,542.00 |
| Leon | Roberto | 2401 Lunar Drive, Atwater, CA 95301 | * | $ | 47,707.00 |
| Leon | Javier/Maria | 4347 Bidwell Drive, Fremont, Ca 94538 | Same | $ | 111,264.00 |
| Leon | Edgardo R | 4359 Bidwell Drive, Fremont, CA 94538 | Same | $ | 133,709.00 |
| Liera | Jose | 39735 Highbury Dr., Murrieta, CA 92563 | Same | $ | 66,214.00 |
| Lindstedt | Martin | 837 Gladiola Lane, Manteca, CA 95336 | Same | $ | 105,382.00 |
| Lingbanan | Victoria/Johnny | 1068 Oakpoint Drive, Pittsburg, CA 94565 | Same | $ | 98,527.00 |
| Little | Lia/Kenneth | 29175 Dixon Street, Hayward, CA 94544 | Same | $ | 95,848.00 |
| Little | Craig | 600 W. Grove Pkwy Apt. 1010 Tempe, AZ 85283 | 7791 E. Osborn Rd., #299 E, Scottsdale, AZ 85251 | $ | 66,356.00 |
| Lobstein | Heidi | 3852 McLaughlin Ave., Los Angeles, CA 90066 | Same | $ | 170,054.00 |
| | | | Same | | |
| Lopez | Jesus A./Irma | 37309 Cathedral Canyon Dr., Cathedral City, CA 92234 | | $ | 39,646.00 |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>CHRISTIAN LOPEZ AND<br>ANNA CARLA LOPEZ | DEFENDANTS<br>ALAN DAVID TIKAL, TRUSTEE<br>OF KATN REVOCABLE LIVING TRUST |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR DECLARATORY RELIEF, FOR CANCELLATION AND RESCISION OF INSTRUMENTS, AND EXPLUNGING AND VOIDING ALLEGED LIEN IN REAL PROPERTY AND QUIETING TITLE TO REAL PROPERTY

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 250,000 00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ALAN DAVID TIKAL | BANKRUPTCY CASE NO.<br>11-23486-LED | |
| DISTRICT IN WHICH CASE IS PENDING<br>DISTRICT OF NEVADA | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>CHRISTIAN LOPEZ & ANNA CARLA LOPEZ | DEFENDANT<br>ALAN DAVID TIKAL &<br>VICTORIA NELSON | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>2/22/2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.