## * * § 362 INFORMATION COVER SHEET * *

ALAN DAVID TIKAL  
DEBTOR

Case No: 11-23486-led

MOTION #:

Wells Fargo Bank, N.A. as servicing agent for Bank of America, N.A.  
MOVANT

CHAPTER: 7

---

### Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but Movant has been unable to do so.

Date : September 20, 2016    Signature: Stacy H. Rubin  
                                                            Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 16132 Palomino Valley Road; San Diego, California 92127  
NOTICE SERVED ON: Debtor(s)_____; Debtor's counsel_____; Trustee_____;  
DATE OF SERVICE: _____

---

**MOVING PARTY'S CONTENTIONS:**

The EXTENT and PRIORITY of LIENS:

1st: $1,266,500.72  
2nd: _____  
3rd: _____  
4th: _____  
Other: $_____  
Total Encumbrances: $1,266,500.72

APPRAISAL or OPINION as to VALUE: $1,160,000.00

---

**DEBTOR'S CONTENTIONS:**

The EXTENT and PRIORITY of LIENS:

1st: $_____  
2nd: _____  
3rd: _____  
4th: _____  
Other: _____  
Total Encumbrances: $_____

APPRAISAL or OPINION as to VALUE:

---

**TERMS of MOVANT'S CONTRACT with the DEBTOR(S):**

Amount of Note: $900,000.00  
Interest Rate: 5.875%  
Duration: 30 Years  
Payment per Month: $6,527.44  
Date of Default: September 1, 2009  
Amount in Arrears: $322,456.19  
Date of Notice of Default: November 6, 2009  
SPECIAL CIRCUMSTANCES:

SUBMITTED BY: /s/ STACY H. RUBIN(SBN 9298)

---

**DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT:**

-  
-  
-  
-  
-  
-  
-  

SPECIAL CIRCUMSTANCES:

SUBMITTED BY:_____  
SIGNATURE:_____

STACY H. RUBIN (SBN 9298)
SRubin@aldridgepite.com
EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for *Movant*
WELLS FARGO BANK, N.A., AS SERVICING AGENT FOR BANK OF AMERICA, N.A.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Bankruptcy Case No. 11-23486-led |
| ALAN DAVID TIKAL, | Chapter 7 |
| Debtor. | **MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY** |
| | **Hearing**:<br>Date:   October 25, 2016<br>Time:   1:30 p.m. |

Wells Fargo Bank, N.A., as servicing agent for Bank of America, N.A.[1] ("Movant") moves this court for an order terminating the automatic stay of 11 U.S.C. § 362(a) as to the real property located at 16132 Palomino Valley Road, San Diego, California 92127 (the "Property"). This motion is supported by the points and authorities cited herein and the record currently before the court.

I.   **FACTUAL AND PROCEDURAL SUMMARY**[2]

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

[2] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Movant requests that the Court take judicial notice of the

On or about June 28, 2006, Jaime C Layug and Melania D Layug ("Borrowers") executed a promissory note in the principal sum of $900,000.00 (the "Note"), which was made payable to Wells Fargo Bank, N.A. A copy of the Note is attached hereto as **Exhibit 1** and incorporated herein by reference.

The Note is secured by a deed of trust (the "Deed of Trust") encumbering the Property.[3] A copy of the Deed of Trust is attached hereto as **Exhibit 2** and incorporated herein by reference.

Movant currently holds possession of the Note, which is indorsed in blank. *See* **Exhibit 1**.

The Deed of Trust was assigned to Movant. A copy of the Assignment of Deed of Trust is attached hereto as **Exhibit 3** and incorporated herein by reference.

On or about August 23, 2010, a Short Form Deed of Trust and Assignment of Rents (Individual) was executed and subsequently recorded in the San Diego County Recorder's Office whereby Jaime C. Layug and Melania D. Layug, Husband and Wife as Joint Tenants purported to transfer interest in the Subject Property to David-Alan: Tikal, Trustee of the KATN Revocable Living Trust herein called Beneficiary, as for no consideration. A true and correct copy of the unauthorized a Short Form Deed of Trust and Assignment of Rents (Individual) is attached hereto as **Exhibit 4**.

On December 13, 2010, an unauthorized Grant Deed was recorded in the San Diego County Recorder's Office whereby Jaime C. Layug and Melania D. Layug, Husband and Wife As Joint Tenants purported to transfer interest in the Subject Property to The Blue Seal Revocable Living Trust Dated October 13, 2010 as a "gift," for no consideration. A true and correct copy of the unauthorized Grant Deed is attached hereto as **Exhibit 5**.

On or about June 20, 2011, KATN Living Trust filed a prior voluntary petition under Chapter 11 of the Bankruptcy Code, for the District of Nevada (Las Vegas), and was assigned case No. 11-19669-mkn. Said case was subsequently dismissed on or about August 30, 2011, and subsequently terminated on December 16, 2011. (*See In re KATN Living Trust*, case no. 11-19669-mkn (Bankr. L.V. Nev.)).

---

documents and other records on file in the this case.
[3] The Note and Deed of Trust are collectively referred to herein as the "Loan."

1  On August 25, 2011, Debtor commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code.

A default exists under the Loan for failure to make payments due and owing under the Note and Deed of Trust.

As of September 7, 2016, contractually owed under the Note and Deed of Trust is as follows:

| PAYMENTS | | | |
|---|---|---|---|
| **Number of Payments** | **Payment Amount** | **Payment Dates** | **Total** |
| 22 | $4,403.00 | 9/1/2009 to 6/1/2011 | $96,866.00 |
| 2 | $5,666.32 | 7/1/2011 to 8/1/2011 | $11,332.64 |
| 45 | $3,418.49 | 9/1/2011 to 5/1/2015 | $153,832.05 |
| 3 | $3,512.76 | 6/1/2015 to 8/1/2015 | $10,538.28 |
| 5 | $3,606.42 | 9/1/2015 to 1/1/2016 | $18,032.10 |
| 7 | $3,618.24 | 2/1/2016 to 8/1/2016 | $25,327.68 |
| 1 | $6,527.44 | 9/1/2016 to 9/1/2016 | $65,27.44 |
| **Total Contractual Payments as of September 7, 2016:** | | | **$322,456.19** |

An additional payment will come due on October 1, 2016, and on the 1st day of each month thereafter until the Loan is paid in full.

As of September 7, 2016, the total amount owed under the Note is approximately $1,266,500.72.

As a result of the default under the Note and Deed of Trust, on November 6, 2009, a Notice of Default was recorded against the Property in the Official Records of San Diego County. Subsequently, on April 17, 2013, a Notice of Sale was recorded in the Official Records of San Diego County, In accordance with Local Rule 4001(a)(2), Movant sent a Meet and Confer letter to the parties of interest herein in an attempt to communicate in good faith regarding resolution of the instant motion. To date, Movant has been unable to resolve this matter and as a result, brings this motion. A copy of the Meet and Confer Letter is attached hereto as **Exhibit 6**.

## II.    LEGAL ARGUMENT

A. **MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4)**

Section 362(d) of the Bankruptcy Code provides, in pertinent part:

On request of a party in interest and after notice and a hearing, the court shall grant

>relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
>(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or[4] defraud creditors that involved either—
>
>>(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>>(B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4). (emphasis added). If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. In re Arnold, supra (citing In re Thirteenth Place, Inc., 30 B.R. 503, 505 (9th Cir. B.A.P. 1983)). In the absence of extraordinary circumstances, successive or serial filings for the purposes of reimposing the automatic stay, particularly when the debtor's purpose is to delay a scheduled foreclosure, should not be viewed with favor by the court. In re McKissey, 103 B.R. 189, 192 (Bankr. N.D. IL 1989) (citing In re Russo, 94 B.R. 127, 129 (Bankr. N.D. IL 1988).

The aforementioned multiple bankruptcy filings and unauthorized fraudulent transfers have prevented Movant from lawfully exercising its state law remedies with regard to the Real Property. Additionally, Movant continues to incur significant legal expenses while the Borrowers enjoy use and possession of the Real Property. By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(4). Movant also requests the court to exercise its powers under § 105(a) of the Bankruptcy Code to grant Movant relief with in rem relief for a period of 180 days pursuant to §§ 105 and 109(g) of the Bankruptcy Code in order to prevent Debtors from further unjustly delaying Movant from exercising its rights under state law.

**B.    MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1).**

Section 362(d)(1) provides, in pertinent part:

>(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

---

[4] Pursuant to the Bankruptcy Technical Corrections Act of 2010, Section 362(d)(4) was revised by striking "hinder, and" and inserting "hinder, or."

> (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1) (emphasis added). A lack of adequate protection is one example of "cause" for relief from stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985). The lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments constitutes a lack of adequate protection. *See* e.g., *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted).

As previously discussed, Debtor has failed to tender periodic cash payments due and owing to Movant under the Note. Moreover, Movant's interest in the Property is not protected by an adequate equity cushion. Based upon the foregoing, Movant submits that Debtor is unable and/or unwilling to provide adequate protection to Movant and, thus, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

### III.    CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a). Pursuant to Local Bankruptcy Rule 9014(g), a proposed order is attached hereto as **Exhibit 7**.

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C. 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. This Order shall be binding and effective in any other case under the Bankruptcy Code purporting to affect the subject real property filed not later than two years after the date of entry, upon recording a copy of the order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law, except that a debtor in subsequent case may move for relief from the order based upon good cause shown after notice and hearing.

3. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

4. Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other

1 | loan workout/loss mitigation agreement, and to enter into such agreement with Debtor without
2 | further order of the court;
3 |     5.    That the requirements of Local Bankruptcy Rule 9021 be waived; and
4 |     6.    Granting Movant such other and further relief as the court deems just and proper.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: September 20, 2016

/s/ Stacy H. Rubin
_____
STACY H. RUBIN
Attorneys for *Movant* WELLS FARGO BANK, N.A., AS SERVICING AGENT FOR BANK OF AMERICA, N.A.